IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PEDRO PIMENTEL
 Petitioner,

v.

UNITED STATES OF AMERICA,
 Respondent.

CIVIL NO. 09-2094(PG)
RELATED CRIM. 05-215(PG)

**OPINION & ORDER**

 Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.3). For the reasons discussed below, the Court finds the Petition shall be DENIED.

**I. BACKGROUND**

 On November 17, 2005, Petitioner, Pedro Pimentel (hereinafter "Petitioner" of "Pimentel")and ten (10) additional co-defendants were indicted in a Superseding Indictment by a Federal Grand Jury (Crim. D.E. 25 and 26)[2]. Petitioner was specifically charged with conspiracy to import five (5) kilograms or more of cocaine into the United States from the Dominican Republic, in violation of Title 21, <u>United States Code</u>, Sec. 952(a) and 963; conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of Title 21, <u>United States Code</u>, Secs. 841 and 846; aiding and abetting in the attempt to posses with intent to distribute five (5) kilograms

---

[1]D.E. is an abbreviation of docket entry number.

[2]Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 09-2094(PG)                                                      Page 2

or more of cocaine, in violation of Title 21, <u>United States Code</u>, Section 841 and 18, <u>United States Code</u>, Section 2; aiding and abetting in the possession and carrying of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, <u>United States Code</u>, Section 924 (c)(1)(A) and 2; knowingly and intentionally distributing a mixture or substance containing a detectable amount of heroin, in violation of Title 21, <u>United States Code</u>, Section 841; and a criminal forfeiture of property, in violation of Title 21, <u>United States Code</u>, Section 853 and 18, United States Code, Section 982 (Crim. D.E. 25).

Between July 12, 2006, and September 8, 2006 Petitioner submitted four (4) motions to the Court regarding the status of ongoing plea negotiations (Crm. D.E. 206, 219, 247 and 262). Finally, on September 22, 2006, Pimentel submitted a Motion for Change of Plea Hearing (Crim. D.E. 278)[3].

On October 5, 2006, the Change of Plea Hearing was held (Crim.D.E. 290). Pimentel entered a straight plea to the Superseding Indictment meaning there was no Plea Agreement with the Government (Transcript of Change of Plea Hearing of October 5, 2006, at pages 4-5).

On January 29, 2007, Petitioner filed a sentencing memorandum (Crim. D.E. 374). Pimentel did not contest the information provided in the Pre Sentence Report. Petitioner's request in the sentencing

---

[3]The Court notes that the Motion for Change of Plea Hearing states: "The undersigned has thoroughly discussed the facts of this case with his client, who has also been fully informed of the nature of the charges and evidence against him." (Crim. D.E. 278 at page 1).

Civil No. 09-2094(PG)                                                    Page 3

memorandum was that the Court sentence him to the lowest possible sentence taking into consideration the factors established in 18, United States Code, Section 3553(a)(Crim.D.E. 374).

On February 28, 2007, Pimentel's Sentencing Hearing was held (Crim.D.E. 386). At sentencing the Government moved to dismiss Count Six of the Superseding Indictment, which the Court accepted. The Court further determined that Count Four (weapons violation) required a consecutive mandatory minimum sentence of sixty (60) months of imprisonment (Transcript of Sentencing Hearing of Febraury28, 2007, at page 14). The Court made the following guideline calculation: total offense level of thirty one (31) a Criminal History Category of I resulting in a sentencing guideline range of one hundred and twenty one months (121) to one hundred and thirty five months (135) of imprisonment (Transcript of Sentencing Hearing of February 28, 2007, at page 15). The Court imposed a sentence of one hundred and twenty months (120) as to Counts One, Two, Three, and Five to be served concurrently with each other. Sixty (60) months as to Count Four to be served consecutively to Counts One, Two, Three and Five, for a total term of imprisonment of one hundred eighty months (180)(Crim.D.E.395)[4] . Petitioner appealed his conviction and sentence and the same was affirmed in United States v. Pimentel, 539 F.3d 26 (1st Cir. 2008). Therefore, judgment and conviction became final on November 10, 2008, and pursuant to the Antiterrorism and

---

[4]The Court notes that the term of one hundred and twenty months (120) was the lower end of the applicable guideline for Petitioner.

Civil No. 09-2094(PG)                                                    Page 4

Effective Death Penalty Act of 1996, the present section 2255 motion filed on October 23, 2009, is timely.

## II. DISCUSSION

In his 2255 Petition, Pimentel raises three (3) issues: Ineffective Assistance of Counsel for failure to investigate and prepare an entrapment defense; Ineffective Assistance of Counsel for a coerced plea and involuntary plea of guilty as to the weapons charge and Ineffective Assistance of Counsel as to his appeal counsel for failure to raise for failure to argue involuntariness of Petitioner's plea of guilty, without an understanding of the charges against him and for the Court accepting a plea of guilty without a factual basis to support it (D.E. 6 at page 2).

Not only does the record contradict Petitioner's claim but the First Circuit Court already decided two of the issues raised by Pimentel and he is therefore barred from raising them in his section 2255 motion.

Previously settled claims

Pimentel raises a claim of ineffective assistance of counsel for the voluntariness of his guilty plea; his coerced plea and the lack of evidence to sustain the weapons count he plead guilty to. In addition, he alleges that these same issues were not raised by his appeals counsel. The record clearly contradicts him.

In <u>United States v. Pimentel</u>, 539 F.3d 26 at pages 28-30 the Court discusses this matter and states:

> "Pimentel argues that his guilty plea was not given voluntarily, willingly, or intelligently, and is, therefore invalid. He also

argues that he made a statement at his sentencing hearing that was an assertion of his innocence. The record does not support these arguments....

The record indicates that although Pimentel was initially hesitant about the plea, the court adequately advised him on five separate occasions that he had an absolute right not to plead guilty and to go to trial...At the change of plea ("COP") hearing Pimentel also acknowledged that he was not forced, coerced, or intimidated into pleading guilty and that he was satisfied with his counsel's representation. At the sentencing hearing, Pimentel did not request the withdrawal of his guilty plea, though he did express some concerns. He claimed that there was an alleged missing tape-recording that could reflect that he was not willing to take part in the conspiracy. He also claimed that the drugs and firearms seized during the arrest did not belong to him. After Pimentel made those claims, the district court advised him that he was not charged as the owner of the drugs or the weapon, but that he was charged with conspiracy. The district court determined that Pimentel's claim of exculpatory evidence lacked credibility because he had previously admitted to the conspiracy and admitted that there was a gun in the vehicle when he went with his co-defendant to pick up the drugs. Pimentel's lawyer also ensured the district court that the Government had provided Pimentel with all of the video and audio evidence that was available. Pimentel does not contest the fact that he was involved in picking up the drugs or that his co-defendant possessed a firearm during the commission

of a drug offense. When the Government presented facts at the COP hearing in relation to the drug and firearms offenses, Pimentel admitted to the court that he agreed to the factual proffer presented by the Government. From our reading of the record, the district court did indeed inform Pimentel of his rights under Rule 11."

Claims which have been previously settled in direct appeal, cannot be revisited through a collateral proceeding Withrow v. Williams, 507 U.S. 680 (1983). Furthermore, the First Circuit Court has clearly established that a section 2255 petition cannot be used to litigate matters that were decided on appeal, Singleton v. United States, 26 F.3d 233 (1st Cir. 1993). Petitioner is trying to circumvent the system by re-litigating issues that the First Circuit already resolved; by raising them as ineffective assistance of counsel of both his trial and appellate attorney. The same shall not be permitted.

Entrapment

The only issue remaining is that of ineffective assistance of counsel for his attorney's failure to investigate and raise the entrapment defense.

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed in a claim of ineffective assistance of counsel Pimentel must show both incompetence and prejudice: (1) Petitioner must show that counsel's representation fell below an objective

Civil No. 09-2094(PG)                                        Page 7

standard of reasonableness, and (2) Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Darden v. Wainwright, 477 U.S. 168 (1986), Lockhart v. Fretwell, 506 U.S. 364 (1993). Petitioner fails to meet this standard and the record so reflects.

In his argument for ineffective assistance of counsel for failure to investigate an entrapment defense, Petitioner alleges that there are some recordings of phone calls that were not provided by the Government and that if provided would show that he was in fact entrapped by the Government. This matter was also discussed with the Court at Pimentel's sentencing and found meritless. When Pimentel raised this allegation at sentencing his counsel stated as follows:

> Ms. Castro Schmidt: Your Honor, for the record, I would like it to be clear that full and ample discovery was provided by the Government. As a matter of fact, not only were there tape recordings, there were videos of the defendant in a meeting in the Dominican Republic with drug traffickers. Your Honor, he has seen the videos and he has heard the tape recordings with me. I've discussed them all with him. I've spent many, many, many days, just day after day listening to these recordings with him. And we took notes together.
> He is well aware of the evidence against him...
> Your Honor, as to the alleged evidence which the defendant states that was hidden from him, I have no reason to believe that the Government hid any tape from him. As a matter of fact, I was informed by AUSA Rios that some of the conversations were

Civil No. 09-2094(PG)                                                  Page 8

just not tape recorded, but the agent has information and would testify.

The Court:    Okay.

Ms. Castro Schmidt: And I told him. Nonetheless, Your Honor, he said that he didn't want to get involved, or whatever, but he continued in the conspiracy. So I told him even if that tape did exist, I did not think that it would exonerate him. (Sentencing Hearing Transcript of February 28, 2007 pages 8-9,12).

In order for Petitioner to successfully show entrapment, he must be able to show "both that the government induced the commission of the charged crime and that he lacked a predisposition to engage in it" United States v. Shiderman, 515 F.3d 5,14 (1st Cir. 2008). Pimentel simply can not meet this showing because there is no credibility given by the Court to his entrapment allegation and the record so reflects. Petitioner has done nothing more than to raise a mere allegation that there is a supposed tape recording that would help him in establishing an entrapment defense. Allegation rebutted by the Government and defense counsel.

Having established that there was in fact no such ineffective assistance of counsel as to the allegation of an entrapment defense this Court hereby Denies said claim.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **PEDRO PIMENTEL**, is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **PEDRO PIMENTEL's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.#1) is

Civil No. 09-2094(PG)                                                                 Page 9

**DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE**. Petitioner's request for evidentiary hearing is also **DENIED**.

## IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th of February, 2012.

Juan M. Pérez-Giménez
Senior United States District Judge